**Mirela NIKOLLA, Eduart Nikolla, Vasjan Nikolla, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–1966–ag

United States Court of Appeals, Second Circuit.

Nov. 15, 2006.

Robert J. Pures II, New York, NY, for Petitioners.

Stephen J. Murphy, United States Attorney for the Eastern District of Michigan, Terrence R Haugabook, Assistant United States Attorney, Detroit, MI, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. JOSÉ A. CABRANES, Circuit Judges.

## SUMMARY ORDER

Petitioners Mirela Nikolla, Eduart Nikolla and Vasjan Nikolla, citizens of Albania, seek review of an April 3, 2006 order of the BIA affirming the October 28, 2004 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying Mirela Nikolla's application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Mirela Nikolla, Eduart Nikolla, Vasjan Nikolla,* Nos. A95 377 782, A95 377 783, A95 377 784 (B.I.A. Apr. 3, 2006), *aff'g* Nos. A95 377 782, A95 377 783, A95 377 784 (Immig. Ct. N.Y. City Oct. 28, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7

(2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

 Here, the IJ's finding that Mirela Nikolla ("Nikolla") failed to testify credibly about why she was attacked, and therefore failed to prove mistreatment on account of a protected ground, is supported by substantial evidence. As the IJ noted, Nikolla admitted that she did not state in her asylum application or to her doctor that her attack was politically motivated. In addition, Nikolla admitted at her hearing that she told the officer who conducted her interview that neither she nor her husband belonged to any political organizations. She further admitted that two weeks after her interview, she was sent a letter from the asylum office requesting that she provide clarification of her claim. Ten days before her response was due, her brother-in-law informed her of the alleged connection between her attack and his political activities, but she did not send that information to the asylum office. Accordingly, her assertion that she was unable to submit such information until her hearing is flawed.

Moreover, although the IJ asked Nikolla several times why she had not amended her asylum statement before her hearing, she gave only non-responsive answers. Substantial evidence supports the IJ's finding that Nikolla's brother-in-law's

ability to live unharmed in the same house where she was attacked undermined her alleged fear of persecution. *Poradisova v. Gonzales*, 420 F.3d 70, 80 (2d Cir.2005) (noting that the experiences of similarly-situated friends and relatives are relevant in assessing an applicant's fear of persecution). Finally, we do not review Nikolla's CAT claim, which she failed to adequately raise before the BIA. *See e.g., Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For the foregoing reasons the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).